**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RONALD G., | |
| Plaintiff, | Civil Action No. 20-15085 (MAS) |
| v. | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**SHIPP, District Judge**

     This matter comes before the Court upon Plaintiff Ronald G.'s ("Plaintiff")[1] appeal of the Commissioner of the Social Security Administration's (the "Commissioner") final decision denying Plaintiff's request for Disability Insurance Benefits ("DIB") under Title XVI of the Social Security Act (the "Act"). (ECF No. 1.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Local Civil Rule 78.1. For the reasons below, the Commissioner is affirmed.

## I.     BACKGROUND

     In this appeal, the Court must consider whether the Administrative Law Judge's (the "ALJ") finding that Plaintiff is not disabled is supported by substantial evidence. The Court begins with the procedural posture and the ALJ's decision.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

### A.     Procedural History

On March 1, 2018, Plaintiff filed an application for DIB alleging disability beginning January 1, 2015. (AR 153-58, ECF No. 5.[2]) On June 30, 2018, Plaintiff's application was denied. (*Id.* at 74-78.) On June 22, 2018, Plaintiff's application for reconsideration was also denied. (*Id.* at 82-84.) On August 8, 2019, the ALJ held a hearing on Plaintiff's application. (*Id.* at 27-50.) Following the hearing, on September 18, 2019, the ALJ issued a decision denying Plaintiff's DIB application and finding that he was "not disabled under . . . the Act." (*Id.* at 9-26.) Plaintiff appealed that decision, and the Administration's Appeals Council affirmed the ALJ's decision. (*Id.* at 1-6.) Plaintiff then filed an appeal to this Court. (*See generally* Compl., ECF No. 1.) After three requests for additional time (ECF Nos. 10, 12, 14), Plaintiff filed his moving brief in this action (ECF No. 16). The Commissioner opposed (ECF No. 17), and Plaintiff did not reply.

### B.     The ALJ's Decision

In his written decision, the ALJ concluded that Plaintiff was not disabled under the prevailing administrative regulations during the relevant time period. (AR 22.) To begin, the ALJ set forth the Social Security Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 13-14.) At step one, the ALJ found that Plaintiff had "not engaged in substantial gainful activity since January 1, 2015, the alleged onset date [for his disability]." (*Id.* at 14.)

At step two, the ALJ determined that Plaintiff had several severe impairments during the relevant time period: (1) status-post bilateral hip replacement; (2) degenerative disc disease; (3) osteoarthritis of the right elbow; (4) hypertension; and (5) obesity. (*Id.*)

---

[2] The Administrative Record ("AR") is located at ECF No. 5 The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

Despite Plaintiff's impairments, the ALJ determined at step three that Plaintiff's impairments did not meet or medically equate to one of the listed impairments in 20 C.F.R. §§ 404.1520, 404.1525, and 404.1526 during the relevant time period. (*Id.* at 15.) With respect to obesity, the ALJ stated that he referred to SSR 19-2p in rendering his decision. (*Id.* at 16.)

The ALJ then considered the record and determined that through the date last insured, Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except Plaintiff could not "climb ropes/ladders/scaffolds; . . . be exposed to unprotected heights or hazardous machinery; and c[ould only] occasionally climb ramps/stairs, never crawl, occasionally kneel and occasionally stoop and crouch." (*Id.*) The ALJ also determined that Plaintiff could "perform frequent reaching in all directions with the right arm and frequently balance." (*Id.*) In making his findings, the ALJ considered function reports submitted by Plaintiff. (*See id.* at 16, 197-204, 222-29.)

With respect to obesity, the ALJ elaborated on his step three findings while considering RFC. (*See id.* at 20.) Specifically, the ALJ found that:

> [w]ith respect to [Plaintiff's] obesity, while same was not stated by any physician to be disabling, obesity was considered in terms of its possible effects on [Plaintiff's] ability to work. In the present case, [Plaintiff's] file does not contain evidence indicating that his obesity alone has caused him to be unable to work, nor does it show that in conjunction with his other impairments, it has disabled him, although weight loss has been suggested. As outlined above, [Plaintiff] was able to perform his activities of daily living (as outlined in the [f]unction [r]eports . . .) and has maintained 5/5 strength except for the hips which are slightly reduced at 4/5, intact deep tendon reflexes, intact sensation, and intact neurological functioning, with only some reduced range of motion and tenderness of the lumbar spine and right elbow. [Plaintiff] also maintains a normal gait, with no noted incoordination or imbalance. There is no evidence of atrophy, deformity or tremors. While [Plaintiff's] hypertension is erratic, he has denied cardiac symptoms and has not required emergency care or hospitalization. Thus, [Plaintiff's]

3

obesity is not, by itself, nor in conjunction with his other listed impairments, so severe as to prevent him from working.

(*Id.*)

At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a small business owner after considering the record and the testimony of the vocational expert. (*Id.* at 21.) Specifically, the ALJ found that Plaintiff's work as a small business owner did "not require the performance of work-related activities precluded by" Plaintiff's RFC. (*Id.*) Accordingly, the ALJ determined that Plaintiff was not disabled as defined in the Act, from the alleged onset of disability through the date of his decision. (*Id.* at 22.)

## II.   LEGAL STANDARD

### A.   Standard of Review

On appeal from the final decision of the Commissioner, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (emphasis omitted); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by "substantial evidence." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotation omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is "supported by substantial evidence." *Fargnoli v. Massanari*,

247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). The Court must "review the record as a whole

to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d

607, 610 (3d Cir. 2014) (citation omitted).

Even amid this deferential standard, the Third Circuit has explained that the court's review

must be a qualitative exercise requiring a thorough examination of the ALJ's decision and the

record:

> [The substantial evidence standard] is not . . . a talismanic or
> self-executing formula for adjudication; rather, our decisions make
> clear that determination of the existence *vel non* of substantial
> evidence is *not* merely a quantitative exercise. A single piece of
> evidence will not satisfy the substantiality test if the Secretary [of
> Health and Human Services] ignores, or fails to resolve, a conflict
> created by countervailing evidence. Nor is evidence substantial if it
> is overwhelmed by other evidence—particularly certain types of
> evidence (e.g., that offered by treating physicians)—or if it really
> constitutes not evidence but mere conclusion. The search for
> substantial evidence is thus a qualitative exercise without which our
> review of social security disability cases ceases to be merely
> deferential and becomes instead a sham.

*Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) (citation omitted). It is, thus, necessary for

ALJs to analyze all probative evidence and set out the reasons for their decisions. *Burnett v.

Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000). If the ALJ has not analyzed all

probative evidence and has not sufficiently explained the weight given to the evidence, the decision

is not supported by substantial evidence. *See Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir.

1979) ("[T]o say that [the] decision is supported by substantial evidence approaches an abdication

of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached

are rational." (citation omitted)). The ALJ must state both the evidence considered as well as the

evidence rejected. *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) ("Since it is apparent that

the ALJ cannot reject evidence for no reason or the wrong reason, an explanation from the ALJ of

the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." (internal citation omitted)).

**B.      Establishing Eligibility for DIB**

To be eligible for DIB under the Act, a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. §§ 423(d)(1)(A). For purposes of the statute, a claimant is disabled only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Administrative regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520. For the first step, the claimant must establish that he has not engaged in any substantial gainful activity since the onset of his alleged disabilities. *Id.* § 404.1520(a)(4)(i). For the second step, the claimant must establish that he suffers from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(ii). The third step requires that the claimant provide evidence that his impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant demonstrates that he suffers from a listed impairment or that his severe impairment is equal to a listed impairment, he is presumed to be disabled and entitled to DIB benefits. *Id.*; 20 C.F.R.

§ 404.1520(d). If he cannot so demonstrate, the eligibility analysis proceeds to step four. *See* 20 C.F.R. § 404.1520(e).

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 C.F.R. § 404.1520(a)(4)(iv). In doing so, the ALJ must consider all of the claimant's impairments, including impairments that are not severe. *Id.*; SSR 96-8p, 61 Fed. Reg. 34474 (Jul. 2, 1996). Then, at step four, the ALJ determines whether the claimant's RFC permits him to resume previous employment. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant's RFC permits employment, the claimant is not "disabled" and thus not entitled to DIB benefits. *Id.*; 20 C.F.R. § 404.1520(f). If the claimant cannot continue in this line of work, the analysis proceeds to step five. *See* 20 C.F.R. § 404.1520(f). Importantly, the burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009).

At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work consistent with his medical impairments, age, education, past work experience, and RFC. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560. If the Commissioner cannot satisfy this burden, the claimant will receive DIB benefits. *Id.* § 404.1520(g).

## III.   **DISCUSSION**

Plaintiff appeals the ALJ's written decision and raises three arguments in support of remand or reversal. First, Plaintiff contends that Plaintiff's obesity was not adequately considered at step three. (Pl.'s Moving Br. 4, ECF No. 16.) Second, Plaintiff maintains that his RFC is not based on substantial evidence. (*Id.* at 16.) And finally, Plaintiff contends that Plaintiff is not able to resume his past work. (*Id.* at 30.) For the reasons outlined below, Plaintiff fails to persuade the Court as to any of these contentions.

A.      **Step Three Analysis**

Plaintiff maintains that at step three: (1) the ALJ "says nothing" of obesity such that the ALJ failed to show that he relied on substantial evidence in rendering his decision because the ALJ only discusses obesity with detail in considering RFC; and/or (2) even if the Court considers the ALJ's discussion of obesity later in the ALJ's decision sufficient for step three, such analysis has "no meaning or relevance in this case." (Pl.'s Moving Br. 10, 14.) The Court is unpersuaded by both assertions.

"At the third step in the sequential evaluation process, a claimant will be considered disabled where a claimant has an impairment or combination of impairments that meet(s) durational requirements and meet(s) or equal(s) the criteria for Listed Impairments." *Keesha D. v. Comm'r Soc. Sec.*, No. 20-15183, 2023 WL 2713842, at *6 (D.N.J. Mar. 30, 2023) (citing 20 C.F.R. § 404.1520(a)(4)(iii)). "In making a determination at step three, an ALJ should set forth the evidence he found persuasive, the evidence he rejected, and his reasoning." *Walker v. Comm'r Soc. Sec.*, No. 18-17172, 2020 WL 1531384, at *3 (D.N.J. Mar. 31, 2020) (citing *Cotter*, 642 F.2d at 705-07). In doing so, however, the Third Circuit does not require "the ALJ to use particular language or adhere to a particular format in conducting his analysis." *Keesha D.*, 2023 WL 2713842, at *6 (quoting *Woodson v. Comm'r Soc. Sec.*, 661 F. App'x 762, 765-66 (3d Cir. 2016)) (internal quotation marks and citation omitted).

Plaintiff's first argument suggests that the ALJ should have structured his decision with the ALJ's full step-three analysis set forth under that specific heading in the decision, as opposed to under the RFC-specific heading. (*See* Pl.'s Moving Br. 10). This is simply not what the law requires. *See Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (finding the ALJ is not required to "adhere to a particular format in conducting his [step-three] analysis"); *Tompkins v. Astrue*, No.

12-1897, 2013 WL 1966059, at *13 (D.N.J. May 10, 2013) ("[T]here is no format to which an ALJ must adhere when giving h[is] reasoning so long as there is sufficient development of the record and explanation of findings to permit meaningful review." (citation omitted)). The Court's ability to meaningfully assess the ALJ's decision is not stymied simply because the Court must wait until later in the ALJ's decision to fully appreciate the ALJ's step-three review of the evidence. *Susan B. v. Comm'r of Soc. Sec.*, No. 21-12012, 2023 WL 1997694, at *5 (D.N.J. Feb. 14, 2023) (finding "it is perfectly within the Court's capacity" to consider the ALJ's step-three obesity findings if contained in the ALJ's later RFC discussion (citing *Zirnsak v. Colvin*, 777 F.3d 607, 610 (2014)); *see also Craig B. v. Comm'r of Soc. Sec.*, No. 20-13004, 2022 WL 557883, at *6 (D.N.J. Feb. 23, 2022) (citations omitted).  Thus, to the extent that Plaintiff suggests that the composition of the ALJ's decision is proof certain that the ALJ failed to rely on substantial evidence, such contention is rejected.

Plaintiff next contends that the ALJ's step three analysis contained in his later RFC discussion is insufficient to show that the ALJ relied on substantial evidence in making his step three determinations. Importantly, while Plaintiff summarily states that the ALJ's analysis was insufficient, Plaintiff does not identify any substantive, unconsidered medical findings in the record that suggest that Plaintiff's obesity, alone or together with other impairments, was equal in severity to the criteria for any Listing of Impairment ("Listing"), as required at step three. (*See generally* Pl.'s Moving Br.) This District has uniformly held that such identification is a necessary burden on Plaintiff when filing an appeal. *See, e.g., Farmer v. Comm'r of Soc. Sec.*, No. 19-13437, 2020 WL 6620152, at *2 (D.N.J. Nov. 12, 2020) ("[W]hen appealing a decision at the first four steps . . . [i]t is not enough to show the presence of an error" but rather Plaintiff must "articulate the basis for a decision in h[is] favor, based on the existing record.") (citing *Shinseki v. Sanders*,

556 U.S. 396, 409 (2009)); *Thomas v. Comm'r Soc. Sec.*, No. 19-13990, 2021 WL 870745, at *8 (D.N.J. Mar. 8, 2021) (citing *Woodson*, 661 F. App'x at 766).

The closest Plaintiff comes to "affirmatively point[ing] to specific evidence that demonstrates he would succeed at step three[,]" is identifying that the ALJ did not explicitly mention Plaintiff's BMI or morbid obesity. (Pl.'s Moving Br. 13-14); *Forty v. Comm'r Soc. Sec.*, No. 21-6519, 2022 WL 2981001, at *4 (D.N.J. July 28, 2022) (quoting *Woodson*, 661 F. App'x at 766)). This single observation or omission is not enough to persuade the Court, and is no analysis at all for the fact, that Plaintiff's obesity "'meet[s],' 'medically equal[s],' or 'functionally equal[s]' the severity of an impairment in the Listing." *Forty*, 2022 WL 2981001, at *1 (citing 20 C.F.R. § 416.924(d)). As such, even if the Court were to credit the contention that the ALJ should have explicitly discussed morbid obesity and BMI, Plaintiff has failed to show how the ALJ's step three determination was erroneous and would have affected the outcome of the ALJ's decision.[3] *Id.* at *3 ("[F]or a remand to be warranted, an ALJ's legal error must be harmful, i.e., it must have affected the outcome of the case." (citing *Cosme v. Comm'r Soc. Sec.*, 845 F. App'x 128, 132 (3d Cir. 2021))). For these reasons, Plaintiff's step three contentions are rejected.

---

[3] The Court also notes that the ALJ's decision cites the medical records, albeit outside the context of the ALJ's obesity discussion, that established that Plaintiff was morbidly obese and had an elevated BMI. (AR 19 (citing Exhibit 5F), 295 (identifying, within Exhibit 5F, Plaintiff's morbid obesity and BMI on several occasions).) This suggests that there is no reason to believe that the ALJ was, in fact, unaware of Plaintiff's specific BMI or morbid obesity when discussing "obesity" more generally. Instead, it appears to the Court that Plaintiff essentially argues that because the ALJ left out those "magic words," remand is necessary. This argument fails under relevant law. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (finding the ALJ need not employ "magic words" in order to appropriately make his determinations (quoting *Jones*, 364 F.3d at 505) (internal quotations omitted)).

**B.      RFC and Past Work Analyses**

Plaintiff's remaining two contentions relate to Plaintiff's RFC and step four findings. (*See generally* Pl.'s Moving Br.) Specifically, Plaintiff contends that: (1) the ALJ's RFC findings were vague and nonspecific; and (2) the ALJ incorrectly concluded that Plaintiff can resume his past work. (AR 16-35.) Neither argument is persuasive.

*1.      RFC Findings*

Plaintiff raises several contentions as to why the ALJ's RFC findings are insufficient. (Pl.'s Moving Br. 21-30.) None of the contentions outlined below, however, are sufficient to show that the ALJ did not rely on substantial evidence when rendering his decision.

Here, the crux of Plaintiff's RFC contentions is that the ALJ did not provide sufficient reasoning as to why Plaintiff was suited for "light work" and otherwise made "vague" RFC findings. (Pl.'s Moving Br. 21, 30.) Specifically, it appears that Plaintiff maintains that the ALJ failed to provide a "function-by-function" analysis, rendering his findings impermissibly unspecific. (*See id.*) Notably, Plaintiff cites no case law to support his argument that a function-by-function analysis must be spelled out, and Third Circuit case law does not support Plaintiff's position. (*See id.* 21-24.)

To be precise, "[SSR] 96-8 states that the RFC assessment 'must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis.'" *Anthony P. v. Comm'r Soc. Sec.*, No. 22-4181, 2024 WL 772583, at *4 (D.N.J. Feb 24, 2024) (quoting SSR 96-8p)). "The functions that must be addressed include the physical functions of sitting, standing, walking, lifting, carrying, pushing, and pulling, and each function 'must be considered separately . . . even if the final RFC assessment will combine the activities.'" *Id.* (quoting SSR 96-8p). "Only after the function-by-function analysis 'may RFC be

expressed in terms of exertional levels of work, sedentary, light, medium, heavy, and very heavy.'"
*Id.* (quoting SSR 96-8).

Critically, however, "when formulating the RFC, 'although a function-by-function analysis
is desirable, SSR 96-8 does not require ALJs to produce . . . a detailed statement in writing." *Id.*
(*Torres v. Comm'r Soc. Sec.*, No. 14-6178, 2015 WL 8328346, at *5 (D.N.J. Dec. 8, 2015)). "In
fact, the Third Circuit does not require an ALJ to perform a 'function-by-function' analysis . . . so
long as the ALJ's RFC determination is supported by substantial evidence in the record." *Id.* (citing
*Chiaradio v. Comm'r Soc. Sec.*, 425 F. App'x 158, 161 (3d Cir. 2011)). "Rather, the ALJ must
merely '"articulate how the evidence in the record supports the RFC determination, discuss the
claimant's ability to perform sustained work-related activities, and explain the resolution of any
inconsistencies in the record."'" *Id.* (quoting *Hernandez-Flores v. Comm'r Soc. Sec.*, No. 13-4738,
2015 WL 4064669, at *6 (D.N.J. July 1, 2015)). "In other words, in order to discharge the ALJ's
evaluative obligation, the ALJ must consider all the relevant evidence, and must render an RFC
finding 'with "a clear and satisfactory explication"' of the substantial bases upon which it rests."
*Id.* (citation omitted).

Here, Plaintiff's contentions fall flat against the weight of the above outlined authority. In
this case, the ALJ set forth an extensive recitation of the record in justifying his RFC finding,
which included his light work finding. (*See* AR 16-21.) With respect to obesity specifically,[4] the
ALJ cited function reports filled out by Plaintiff to support his findings, which provided Plaintiff's
own assessment of his ability to do various functions outlined under SSR 96-8p, which are

_____

[4] To the extent that Plaintiff seeks to challenge the ALJ's RFC findings more generally, the Court
need not spend any more time on the issue. The ALJ's findings were articulate and substantial as
to all other severe impairments. (*See* AR 21-24.) They were not, as Plaintiff asserts, "vague and
nonspecific." (Pl.'s Moving Br. 30.)

consistent with the ALJ's findings. *See* SSR 96-8; (AR 197-204, 222-29.) After considering this relevant evidence, the ALJ then clearly explained Plaintiff's RFC:

> After careful consideration of the entire record, [the ALJ found] that [Plaintiff] has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] cannot climb ropes/ladders/scaffolds; can never be exposed to unprotected heights or hazardous machinery; and can occasionally climb ramps/stairs, never crawl, occasionally kneel and occasionally stoop and crouch. [Plaintiff] can perform frequent reaching in all directions with the right arm and frequently balance.

(*Id.* at 16.) The ALJ's RFC findings, therefore, are not "vague and unspecific," and instead, relied on substantial evidence. Remand is therefore not appropriate.[5]

### 2.    Past Work Determination

Finally, Plaintiff contends that the ALJ's determination at step four that Plaintiff cannot resume his past work does not rely on substantial evidence. At step four, the ALJ determines whether a plaintiff has the RFC "to perform the requirements of his past work . . . either as he actually performed it or as it is generally performed in the national economy." *Coleman v. Comm'r Soc. Sec.*, No. 12-5783, 2014 WL 2002301, at *2 (D.N.J. May 14, 2014); *see also* SSR 82-61. "If the claimant has the RFC to do his past relevant work, he is not disabled and the analysis ends." *Coleman*, 2014 WL 2002301, at *2.

---

[5] Plaintiff's remaining arguments against the ALJ's RFC finding are generally unclear and otherwise unpersuasive. (*See* Pl.'s Moving Br. 24-30.) To the extent that Plaintiff suggests that the ALJ finding Dr. Juan Carlos Cornejo's medical examination and a "DDS RFC" persuasive somehow proves that the ALJ failed to adequately consider obesity, such arguments are rejected. (*Id.*) This is because, to the extent the Court can follow Plaintiff's arguments, these arguments are speculative and/or ask this Court to impermissibly substitute its own judgment for the ALJ's. *Rutherford*, 399 F.3d at 552 (finding that in reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." (citation and internal quotation omitted)).

Here, the ALJ concluded that Plaintiff was capable of performing his past work as a small business owner. (AR 21.) Plaintiff appears to contend that this was in error because: (1) the vocational expert's testimony that Plaintiff's past work as a small business owner resembled the work of a retail store manager[6] was erroneous; and (2) the ALJ did not "first discuss and compare the relationship between the established medical and mental impairments suffered by [Plaintiff] with the specific requirements of [his] former job." (Pl.'s Moving Br. 30.)

First, Plaintiff provides no case law to suggest that it is this Court's place to reevaluate the weight that the ALJ gave to the vocational expert's testimony equating Plaintiff's former work duties with those outlined in DOT #185.167-046. (*Id.* at 30-34); *Rutherford*, 399 F.3d at 552 (finding that in reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder.") (citation and internal quotation omitted)). As such, as to this first argument, Plaintiff fails to carry his burden of persuasion, and the Court will venture no further into the minutia of the DOT.

Second, Plaintiff fails to show that the ALJ did not rely on substantial evidence in rendering his step four findings. The ALJ cited to and relied upon Plaintiff's own representations to determine his previous work requirements.[7] (AR 21, 207.) The ALJ then compared Plaintiff's

---

[6] For purposes of this Memorandum Opinion, the Court assumes that Plaintiff's characterization of the Dictionary of Occupational Titles ("DOT") definition for DOT #185.167-046 is correct: i.e., that the position the vocational expert identified as similar to Plaintiff's former position was akin to a "manager of a retail store." (Pl.'s Moving Br. 33.)

[7] Those representations included that Plaintiff previously: performed "some office work," traveled to meet sales clients, and checked on the status of clients and sales. (AR 207.) In his job as a small business owner, Plaintiff represented that he possessed technical knowledge and skills, and could write and complete reports. (*Id.*) In this job, Plaintiff also indicated he: walked one hour each day, stood two hours each day, sat four hours each day, stooped an hour each day, wrote or handled small objects three hours each day, and otherwise knelt, crouched crawled, or handled big objects either not at all or less than one hour each day. (*Id.*)

representations with his own comprehensive assessment of the impacts of Plaintiff's severe conditions on his ability to work, and concluded that Plaintiff is able to perform his previous work duties. (*Id.* at 21.) Plaintiff's assertion that the ALJ did not "discuss and compare the relationship between [Plaintiff's] impairments with the specific requirements of the former job" is not only unsupported by persuasive case law, but also appears to derive solely from Plaintiff's disagreement with the vocational expert's recommendation to the ALJ that DOT #185.167-046 is comparable to the duties of a small business owner. (*See* Pl.'s Moving Br. 30-34.) As explained above, however, Plaintiff provides no case law to suggest that it is this Court's place to insert its own judgment for the ALJ's as to this finding.

For the reasons outlined above, the ALJ's step four findings are sufficient to survive this Court's review. As such, Plaintiff's arguments with respect to the ALJ's past work findings are rejected.

**IV.   CONCLUSION**

For the reasons outlined above, the Court affirms the Commissioner's decision. An Order consistent with this Memorandum Opinion will be entered.


MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

15